**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENDRICK BUTLER, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 18-cv-49 |
| v. | ) | |
| | ) | Honorable Robert W. Gettleman |
| | ) | |
| RANDY PFISTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PFISTER, BROWN, PORK, AND GARANT'S L.R. 56.1 FILING IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION**

Defendants, Randy Pfister, Sgt. Pork, Lt. Brown, and Officer Garant, by their attorney, Kwame Raoul, Attorney General for the State of Illinois, submit under L.R. 56.1 the following materials referred to in their Memorandum of Law in Support of their Motion for Summary Judgment on Exhaustion of Administrative Remedies:

**EXHIBITS**

**Exhibit A:** IDOC Offender Search

**Exhibit B:** Illinois Administrative Code

**Exhibit C:** Declaration of Debbie Knauer

**LOCAL RULE 56.1 STATEMENT OF FACTS**

**I.      The Parties**

1.      Plaintiff Kendrick Butler # M03292 is currently in the custody of the Illinois Department of Corrections ("IDOC") at Pontiac Correctional Center.  (Ex. A). Plaintiff was previously housed at Stateville Correctional Center. (Dkt. 38 at 6).

2.      At all times relevant to Plaintiff's Amended Complaint, Defendant Randy Pfister was Stateville's warden.  (Dkt. 38, ¶ 7.)

3.      At all times relevant to Plaintiff's Amended Complaint, Defendants Lt. Brown,

Sgt. Pork, and Officer Garant were IDOC correctional officers. (Dkt. 38, ¶ 9).

## II.  Jurisdiction and Venue

4.      This court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343(a)(3), and venue under 28 U.S.C. 1391(b)(2).

## III.  Plaintiff's Allegations

5.      Plaintiff's Amended Complaint contains two counts: unconstitutional conditions of confinement and deliberate indifference to a serious medical need.  (Dkt. 38 at 7-9.)

### a.  Unconstitutional Conditions of Confinement

6.      Plaintiff alleges Stateville Correctional Center did not have toilets accessible from the outdoor exercise yard (Dkt. 38, ¶ 62), that inmates were forced to relieve themselves on the yard, which resulted in insect infestations throughout the yard (Dkt. 38, ¶ 63), and that a lack of bathroom access created a serious risk to Plaintiff due to his IBS. (Dkt. 38, ¶ 64).

7.      Plaintiff alleges Mr. Butler complained about the lack of bathroom access to Defendant Pfister orally and through grievances. (Dkt. 38, ¶ 65).

8.      Plaintiff alleges on July 8, 2017, Defendants Pork and Brown refused to let Mr. Butler access a bathroom, resulting in Plaintiff defecating on himself. (Dkt. 38, ¶¶ 32, 38, 42-43, 50, and 67).

### b.  Deliberate Indifference to Serious Medical Need

9.      Plaintiff alleges that after he defecated himself on July 7, 2018, he was in close proximity to human waste for several hours, suffered insect bites and stings, was denied shower access for several days. (Dkt. 38, ¶ 74).

10.      Plaintiff alleges that several hours after he defecated himself, he told Defendants Garant and Pork that he defecated himself and had infected insect bites. Plaintiff alleges he requested access to a bathroom to clean himself and access to the prison medical unit for treatment of his injuries. (Dkt. 38, ¶ 78).

11.      Plaintiff alleges that Defendants Pork and Garant informed Plaintiff there was nothing they could do about Plaintiff's situation (Dkt. 38, ¶ 79), and proceeded to verbally harass and humiliate Plaintiff about his soiled uniform while denying him the ability to bathe or change uniforms. (Dkt. 38, ¶ 80).

## IV.  IDOC Grievance Procedure

12.      The IDOC has a formal grievance procedure for inmates. (Ex. B, C).

13.      There are generally three steps to the grievance process. First an inmate must attempt to resolve grievances through his counselor. (Ex. C, ¶ 2). If the grievance, complaint, or

issue remains unresolved, within sixty days of an incident an inmate may file a written grievance on a grievance form available in all units of his institution, and this is considered the second step of the formal grievance process. (Ex. C, ¶ 2). The facility Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. (Ex. C, ¶ 2). Upon completion of such investigation, the Grievance Officer generates a report containing the findings of the investigation, the Grievance Officer's conclusions and, if appropriate, a recommendation for relief. (*Id.*). The offender's grievance and the Grievance Officer's Report are then forwarded to the Chief Administrative Officer ("CAO") or the CAO's designee for review and signature. (*Id.*). The Grievance Officer's Report with the CAO's or CAO's designee's final decision is then submitted back to the offender. (*Id.*).

14.     As a final step, if the inmate disagrees with the CAO's or CAO's designee's decision, he may appeal in writing to the Director of the IDOC by submitting the Grievance Officer's report and CAO's decision. (Ex. C, ¶ 3). The Administrative Review Board ("ARB"), as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. (Ex. C, ¶ 3). If so, the inmate is so advised. (*Id.*). Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and, at the ARB's discretion, calling witnesses. (*Id.*). The ARB submits a written report of its findings and recommendations to the Director or designee, who reviews the report and makes a final determination on the grievance. (*Id.*). A copy of the ARB's report and the Director's final decision are sent to the inmate who filed the grievance. (*Id.*). The originals of these documents are maintained in the ARB files pursuant to Department Rule 504F: Grievance Procedures for Committed Persons, which provides for no further means for review beyond this step. (*Id.*).

15.     In an emergency situation, an inmate may request a grievance be reviewed on an expedited basis by submitting the grievance directly to the CAO rather than a counselor or Grievance Officer. (Ex. C, ¶ 5). If the CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. (*Id.*). If the CAO determines that the grievance does not warrant emergency review or processing, the inmate must resubmit the grievance in accordance with the regular grievance process as described above. (*Id.*).

16.     Certain issues may be addressed directly to the ARB, rather than first through a counselor or grievance officer. (Ex. C, ¶ 4). These issues are limited to:
   a.   Decisions involving the involuntary administration of psychotropic medication;
   b.   Decisions regarding protective custody placement, including continued placement in or release from protective custody;
   c.   Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and
   d.   Other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned.

(Ex. C, ¶ 4).

3

17.     Grievances that can be addressed directly to the ARB are then handled by the ARB according to the aforementioned grievance process. (Ex. C, ¶ 4).

18.     Plaintiff filed an emergency grievance on February 22, 2018 related to lack of hot water in cell W-306. (Ex. C, ¶ 8). On March 20, 2018, the grievance officer denied the grievance because Mr. Butler no longer resided in cell W-306. (*Id*.). On July 5, 2018, ARB Chairperson Debbie Knauer responded to the Mr. Butler's appeal of the grievance officer's decision and found the grievance to be moot due to Mr. Butler no longer residing in cell W-306. (*Id*.).

19.     Plaintiff's February 22, 2018 grievance did not mention any other allegations regarding conditions of confinement, including a lack of bathroom access on the yard, the presence of insects, any instance of Plaintiff being refused access to a bathroom. (Ex. C, ¶ 9).

20.     Plaintiff did not file or appeal any other grievances regarding conditions of confinement with the ARB. (Ex. C, ¶ 10).

21.     Plaintiff did not file or appeal any grievances regarding a denial medical attention for insect bites or stings, lack of access to a clean uniform, lack of access to a shower, or any other matters related to the events alleged to have occurred on July 8, 2017 with the ARB. (Ex. C, ¶ 10).

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| KWAME RAOUL |  |  |
| Attorney General of Illinois | By: | /s/ *Shawn M. Peters* |
|  |  | SHAWN M. PETERS |
|  |  | Assistant Attorney General |
|  |  | General Law Bureau |
|  |  | Office of the Illinois Attorney General |
|  |  | 100 W. Randolph St., 13th Fl. |
|  |  | Chicago, Illinois 60601 |
|  |  | (312) 814-2680 |
|  |  | SPeters@atg.state.il.us |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 8, 2019, he electronically filed the foregoing

document with the Clerk of the Court for the United States District Court for the Northern

District of Illinois using the CM/ECF system. Participants in the case who are registered

CM/ECF users will be served by the CM/ECF system.


/s/*Shawn M. Peters*

# EXHIBIT A

## ILLINOIS DEPARTMENT OF CORRECTIONS
## INTERNET INMATE STATUS
**AS OF: Thursday, February 7, 2019**

 

## M03292 - BUTLER, KENDRICK

**Parent Institution:** PONTIAC CORRECTIONAL CENTER
**Offender Status:** IN CUSTODY
**Location:** PONTIAC

## PHYSICAL PROFILE
**Date of Birth:** 03/23/1986
**Weight:** 204 lbs.
**Hair:** Black
**Sex:** Male
**Height:** 5 ft. 09 in.
**Race:** Black
**Eyes:** Brown

## MARKS, SCARS, & TATTOOS
SCAR, NECK -

## ADMISSION / RELEASE / DISCHARGE INFO
**Admission Date:** 03/16/2009
**Projected Parole Date:** 04/11/2087
**Last Paroled Date:**
**Projected Discharge Date:** 04/13/2090

## SENTENCING INFORMATION

| MITTIMUS: | 07CR1241801 |
| --- | --- |
| CLASS: | M |
| COUNT: | 1 |
| OFFENSE: | MURDER/INTENT TO KILL/INJURE |
| CUSTODY DATE: | 04/13/2007 |
| SENTENCE: | 80 Years 0 Months 0 Days |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |
| | |

The information made available on this database service is for the general public and law enforcement to promote the interest of public safety. The best effort has been made to ensure that information published is true and complete, however the information can quickly change. Accordingly, before making any assumption that said information is factual and complete, please send written correspondence to the Illinois Department of Corrections- Public Information Office, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277. Please see the Illinois Department of Corrections full disclaimer page for important information.

**conduct another search**
return to the IDOC homepage

Illinois Department of Corrections

ILLINOIS DEPARTMENT OF CORRECTIONS Inmate Search Results

1301 Concordia Court, PO Box 19277
Springfield, Illinois, 62794-9277
217-558-2200 | 800-546-0844 TDD

# EXHIBIT B

## SUBPART F:  GRIEVANCE PROCEDURES FOR OFFENDERS

### Section 504.800  Applicability

This Subpart applies to offenders assigned to correctional facilities within the Department of Corrections.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

### Section 504.802  Definitions

"Chief Administrative Officer" means the highest ranking official of a correctional facility.

"Department" means the Department of Corrections.

"Director" means the Director of the Department of Corrections.

"Facility ADA Coordinator" means the person or persons designated by the Chief Administrative Officer to coordinate efforts of the facility in carrying out its responsibilities under Title II of the Americans With Disabilities Act of 1990 (42 USC 12101 et seq.).

"Offender" means a person committed to the Department or to the custody of the Department.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

### Section 504.805  Responsibilities

a)      Unless otherwise specified, the Director or Chief Administrative Officer may delegate responsibilities stated in this Subpart to another person or persons or designate another person or persons to perform the duties specified.

b)      No other individual may routinely perform duties whenever a Section in this Subpart specifically states the Director or Chief Administrative Officer shall personally perform the duties.  However, the Director or Chief Administrative Officer may designate another person or persons to perform the duties during periods of his or her temporary absence or in an emergency.

(Source:  Amended at 22 Ill. Reg. 1206, effective January 1, 1998)

### Section 504.810  Filing of Grievances

a)    An offender shall first attempt to resolve incidents, problems, or complaints other than complaints concerning disciplinary proceedings through his or her counselor. If an offender is unable to resolve the complaint informally or if the complaint concerns a disciplinary proceeding, the individual may file a written grievance on a grievance form that shall be made available in all living units.  A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance.  However, if an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered. The grievance procedure shall not be utilized for complaints regarding decisions that are outside the authority of the Department, such as parole decisions, clemency, or orders regarding length of sentence or decisions that have been rendered by the Director.

b)    The grievance form shall be addressed to the Grievance Officer and shall be deposited in the living unit mailbox or other designated repository.  The grievance shall contain factual details regarding each aspect of the offender's complaint including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint.  This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

c)    Staff assistance shall be available as requested by those offenders who cannot prepare their grievances unaided as determined by institutional staff.

    1)    All offenders shall be entitled to file grievances regardless of their disciplinary status or classification.

    2)    Each facility shall take reasonable steps to ensure that the grievance procedure is accessible to offenders who are impaired, disabled, or unable to communicate in the English language.

d)    Offenders shall be informed of the grievance procedure at the admitting facility and may request further information regarding the procedure from their counselors.

    1)    The written procedure shall be available to all offenders.

    2)    An offender unable to speak or read the English language may request that the procedure be explained in the individual's own language.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

**Section 504.820  Grievance Officer**

a)   The Chief Administrative Officer shall appoint 2 or more employees who may serve as a Grievance Officer to attempt to resolve problems, complaints, and grievances that offenders have been unable to resolve through routine channels.

b)   No person who is directly involved in the subject matter of the grievance or who was a member of the Adjustment Committee that heard a disciplinary report concerning the grievance may serve as the Grievance Officer reviewing that particular case.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.830  Grievance Procedures

a)   A Grievance Officer shall review grievances at least weekly, provided that one or more grievances have been filed.  Grievances on issues that are deemed without merit may be returned as denied to the sender without further investigation.  No merit grievances include grievances that:

   1)   Have previously been addressed for which there is no additional information; or

   2)   Are on issues that do not involve or affect the offender.

b)   The Grievance Officer shall promptly submit a copy of any grievance alleging discrimination based on disability or a request for an accommodation based upon disability to the facility ADA Coordinator.  The facility ADA Coordinator shall conduct such investigation as deemed appropriate and make written recommendations to the Chief Administrative Officer for resolution of the grievance.

c)   An offender may be afforded an opportunity to appear before the Grievance Officer unless the grievance is deemed without merit.  The Officer may call witnesses as deemed appropriate.

d)   The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer. The Chief Administrative Officer shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances.  Responses to duplicate grievances on issues that are currently being grieved may be combined in one response.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.840  Emergency Procedures

An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.

   a)      If the Chief Administrative Officer determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis.

b)　　　The Chief Administrative Officer shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.850  Appeals

a)　　　If, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision.  Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.

b)　　　The Director shall review the grievance and the responses of the Grievance Officer and Chief Administrative Officer and shall determine whether the grievance requires a hearing before the Administrative Review Board.  If it is determined that the grievance is without merit or can be resolved without a hearing, the offender shall be advised of this disposition, in writing.

c)　　　An Administrative Review Board shall be appointed by the Director.  One member of the Board may be a citizen from the community.  A Department member shall be designated as chairperson.

d)　　　The Administrative Review Board shall meet as frequently as necessary and may schedule hearings on grievances.  Hearings may be conducted in person or via video or telephonic conference.  The Board may call witnesses or examine records at its discretion.

e)　　　The Administrative Review Board shall submit to the Director a written report of its findings and recommendations.

f)　　　The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances.  The offender shall be sent a copy of the Director's decision.

g)　　　In those instances where an offender is appealing a grievance determined by the Chief Administrative Officer to be of an emergency nature, the Administrative Review Board shall expedite processing of the grievance.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.860  Records

Records regarding the filing and disposition of grievances shall be maintained in the offender's master file.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.870  Direct Review by Administrative Review Board

a)      Offenders shall submit grievances directly to the Administrative Review Board when grieving:

1)      Decisions regarding protective custody placement, including continued placement in or release from protective custody.

2)      Decisions regarding the involuntary administration of psychotropic medication.

3)      Decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned.

4)      Other issues except personal property issues that pertain to a facility other than the facility where the offender is currently assigned.

b)      The Administrative Review Board shall review and process the grievance in accordance with Section 504.850.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION

KENDRICK BUTLER,

                            Plaintiff,

      v.

RANDY PFISTER, *et al.*,

                        Defendants.

Case No. 18-cv-49

Honorable Robert W. Gettleman

### DECLARATION OF DEBBIE KNAUER

    I, **Debbie Knauer**, being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

    1.    I am an Administrative Review Board Chairperson for the Illinois Department of Corrections, Office of Inmate Issues, and have held this position since December 2013. I have been employed by the Department in various capacities since December 1991. As an Administrative Review Board Chairperson my duties involve, among other things, reviewing and responding to grievances filed by Department inmates in the manner set forth herein.

    2.    Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F: Grievance Procedures for Committed Persons. Generally, an inmate must first attempt to resolve grievances through his counselor. If the grieved issue remains unresolved after such informal efforts, or, for example, involves a disciplinary proceeding, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO"). The Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. Upon completion of such investigation, the Grievance Officer's conclusions and, if appropriate, recommended relief, is forwarded to the CAO. The CAO or CAO's designee's decision is then submitted to the grieving inmate.

    3.    If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and, at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendations to the Director or Director's designee, who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB files. Department Rule 504F: Grievance Procedures for Committed Persons provides no further means for review beyond this step.

    4.    Certain issues may be filed in a grievance directly to the ARB, rather than first through a counselor or grievance officer. These issues include:

        a.    decisions involving the involuntary administration of psychotropic medication;

        b.    decisions regarding protective custody placement, including continued placement in or release from protective custody;

        c.    decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

        d.    other issues except personal property and medical issues which pertain to a facility other than the facility where the inmate is currently assigned.

These grievances are then handled in accordance with the procedures described in paragraph 3 above.

5.      An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than to a counselor or grievance officer. If the CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. An inmate may appeal the CAO's decision in such a situation to the ARB. The appeal is then handled in accordance with the procedure described in paragraph 3 above. If the CAO determines that the issue should not be handled on an emergency basis, the inmate is required to resubmit his grievance through the non-emergency grievance process described in paragraphs 1-4.

6.      The grievance procedure may not be utilized for complaints regarding decisions which are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions which have been reviewed by the Director.

7.      I have reviewed the Administrative Review Board (ARB) records for all grievances filed by Offender Kendrick Butler, Register No. M03292.

8.      My search revealed an emergency grievance dated February 22, 2018 was filed by Mr. Butler alleging his cell, cell W-306, lacked hot water. (Ex. 1). On March 20, 2018, the grievance officer denied the grievance because Mr. Butler no longer resided in cell W-306. (Ex. 2). On July 5, 2018, I responded to the Mr. Butler's appeal of the grievance officer's decision and found the grievance to be moot due to Mr. Butler no longer residing in cell W-306. (Ex. 3).

9.      Mr. Butler's grievance dated February 22, 2018 did not mention any other allegations regarding a lack of bathroom access on the yard, the presence of insects, or any instance of Mr. Butler being refused access to the bathroom. (Ex. 1). Further, the grievance did not relate to any other allegations regarding conditions of confinement. (Ex. 1).

10.     My search revealed that Mr. Butler did not file or appeal any other grievances with the ARB regarding conditions of confinement, his lack of bathroom access on the yard, any instance of Mr. Butler being refused access to the bathroom, denial of medical attention for insect bites or stings, lack of access to a clean uniform, lack of access to a shower, or any other matter related to the events of July 8, 2017.

FURTHER AFFIANT SAYETH NOT.

Debbie Knauer

SUBSCRIBED and SWORN to
before me this 7th day of February, 2019.

Notary Public

OFFICIAL SEAL
JODY CORSO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/04/22

069648

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| | | | |
|---|---|---|---|
| Date: 2/22/2018 | Offender: (Please Print) Kendrick Butler | | ID#: M03292 |
| Present Facility: Pontiac Correctional Center | | Facility where grievance issue occurred: Pontiac Correctional Center | |

**NATURE OF GRIEVANCE:**

☒ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ ADA Disability Accommodation
☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA *plumber Fixture*
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☒ Other (specify) *for the Hot Water of gal-3, cell 06*

☐ Disciplinary Report: _____ / _____ / _____
　　　　　　　　　　Date of Report　　　　　　　Facility where Issued *Denial of Equal Protection of Rights*

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): The offender was moved from a perfectable good cell where there was good working water running Cold & hot Water while he was in the cell since his return from the court Writ. The offender was transfered to the West Cell House gallery 3, cell 06, where he doesn't Mind being moved but no officer &/or official is attempting to correct the wrong doing of filling out a Maintenance slip for the cell nor give the offender an alternate so that he can have access to both cold & Hot water as provided for any other inmate who enters a cell. The offender is also without Shower Shoes & hygiene Property

Relief Requested: for the hot Water in the cell to be fixed or until fixed, for the offender to access to the Shower every day since he'll Wash up on days he's not able to attend showers.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____　　　　M03292　　　2/22/2018
Offender's Signature　　　　　　　　　ID#　　　　　　Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 2/28/18　　☐ Send directly to Grievance Officer　　☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The offender no longer resides in Cell W306. The offender was moved to W521 on 3/6/18. Issue is moot.

A. Weekes, CCII　　　FEB 2 8 2018　　A. Weekes, CCII 3/19/18
Print Counselor's Name　　　　　　　　Counselor's Signature　　　Date of Response

MAR 2 0 2018
**RECEIVED**

---

**EMERGENCY REVIEW**

JUN 0 8 2018
**ADMINISTRATIVE**
**REVIEW BOARD**

Date Received: 2/26/18　　Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance
　　　　　　　　　　　　　　　　　　　☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

FEB 2 7 2018　　FEB 2 3 2018

_____
Chief Administrative Officer's Signature　　　　　2/26/18 Date

Distribution: Master File; Offender　　　　Page 1　　　　DOC 0046 (8/2012)
Printed on Recycled Paper

EXHIBIT 1

that'll assist him with the cleanliness of hygiene upkeep & his regularly washing habit (of the body & cloths). This denial is all part of the institutional behavior to be part of the denial of the offender mandatory rights.

Now, here without having access to hot water the offender would develope scabbes, rashes, & other skin decceases since cold water is sufficient enough to properly clean the skin.

Officers informed & read 15 or more years as an official worked the 7 to 3 shift, officer Watson (midnight shift), officer Day (midnight shift), & officer Braddford (midnight shift), theres a "John Doe" officer who worked 3 gallery for the 3 to 11 shift who also were told of the conditions & that he'll be patient if the offender is approved for alternate resources of hot water. (Officer Medlock)

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

**Date Received:** March 20, 2018          **Date of Review:** May 20, 2018          **Grievance #** (optional): 069648

**Offender:** Butler, Kendrick          **ID#:** M03292

**Nature of Grievance:** Conditions-No hot water W-306

**Facts Reviewed:** Offender grieves that he was moved to West 306 with not working hot water on 2/22/18. Offender alleges that he has told several Officers and that it is a denial of his mandatory rights. Offender alleges that without hot water he would develop scabies, rashes and other skin disease due to not being able to properly clean his skin.

Counselors Response; The Offender no longer resides in Cell W-306. The Offender was moved to W-521 on 3/2/18. Issue is MOOT.

This Grievance Officer reviewed correspondence and reviewed Offender living unit history. Offender was moved from West Cell-306 om 3/2/18 and placed in West-521 and currently the Offender is placed in North Cell-139.

Allegations of staff misconduct are not substantiated in the contents of this Grievance.

Offender did not state he had any skin conditions but if he does medical concerns are to be directed to the cell house CMT with a request and signed P-96 who will evaluate the offender or refer if appropriate. Alternatively, the offender may send a yellow "Medical Request" slip and signed P-96 to the Health Care Unit Administration requesting medical services.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be considered MOOT at this juncture based on the Offender is now housed in North-139. Any other judgement upon the issue that when returned for cause would have no practical effect upon the existing controversy.

H.   Cox
Print Grievance Officer's Name

H.   Cox
Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 5/22/18          ☒ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

Chief Administrative Officer's Signature

**RECEIVED**
JUN 08 2018
ADMINISTRATIVE
REVIEW BOARD

5/22/18
Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

Offender's Signature          M03292          5/30/08
                              ID#              Date

EXHIBIT 2

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: _Butler, Kendrick_

7/5/18
Date

ID# : _M03292_

Facility: _Pontiac_

This is in response to your grievance received on ___6/8/18_____. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _2/22/18_ Grievance Number: _069648_ Griev Loc: _Pontiac_

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☒ Conditions (cell conditions, cleaning supplies, etc.) _no hot water in cell 3-06_

☐ Disciplinary Report: Dated: _____ Incident # _____

☐ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Other: _Moot issue as offender was moved from cell 3/2/18._

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

FOR THE BOARD: _Debbie Knauer_
Debbie Knauer
Administrative Review Board

CONCURRED: _John R. Baldwin_
John R. Baldwin
Acting Director
7/9/18

CC: Warden, _Pontiac_ Correctional Center
_Butler_, ID# _M03292_

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*