UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDRICK BUTLER, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 18-cv-49 |
| v. ) | |
| ) | Honorable Robert W. Gettleman |
| ) | |
| RANDY PFISTER, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT PFISTER, BROWN, PORK, AND GARANT'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>THEIR MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION</u>**

Defendants, Randy Pfister, Sgt. Brown, Lt. Pork, and Officer Garant, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, submit this Memorandum of Law in Support of their Motion for Summary Judgment on Exhaustion of Administrative Remedies and state the following:

**<u>INTRODUCTION</u>**

Plaintiff Kendrick Butler ("Plaintiff") is currently in the custody of the Illinois Department of Corrections ("IDOC") and was previously housed at Stateville Correctional Center ("Stateville"). IDOC Defendants' Local Rule 56.1 Filing in Support of Their Motion for Summary Judgment (hereinafter "SOF") ¶ 1. Plaintiff's 42 U.S.C. § 1983 claim alleges that Defendants subjected Plaintiff to unconstitutional conditions of confinement and they were deliberately indifferent to a serious medical need. Specifically, Plaintiff alleges that, on July 8, 2017, he did not have access to a bathroom from the yard, was denied the use of a restroom, defecated on himself, was bit and stung by insects, and was denied medical treatment and the opportunity to bathe and change his uniform.

## **STANDARD OF REVIEW**

The Rule 56 standard for motions filed based upon an inmate's failure to exhaust his administrative remedies is different from the typical standard applied in that the court, not a jury, must resolve all factual issues. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). It is only after a plaintiff has exhausted his administrative remedies that pretrial discovery should commence, and discovery with respect to the merits should be deferred until the issue of exhaustion is resolved. *Id*.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008) "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *McGrath v. Gillis*, 44 F.3d 567, 569 (7th Cir. 1995).

If the evidence is only colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). The initial burden of the moving party is to establish that there is no question of fact that will be outcome determinative in the case. *Id*. Once the moving party has met this burden, the opposing party must set forth specific facts that show there is a genuine issue of material fact. *Id.* The opposing party cannot rely on general conclusory allegations, but "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Henning v. O'Leary*, 477 F.3d 492, 496 (7th Cir. 2007). Once the moving party seeking summary judgment meets its initial responsibility of informing the

Court of the basis for its action and identifying the portions of those pleadings and supporting documents that it believes demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to demonstrate a genuine issue of material fact. *Anderson,* 477 U.S. at 250.

The non-moving party may not defeat a motion for summary judgment by simply resting on its pleadings. *Association Ben. Services, Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007). Rather, Rule 56 requires the non-moving party to go beyond its pleadings and demonstrate the existence of a genuine issue for trial by designating specific facts in its own affidavits, or by depositions, answers to interrogatories and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In this case, there is no genuine issue of material fact as to whether Plaintiff failed to exhaust his administrative remedies regarding the claims contained in his Amended Complaint. Therefore, Plaintiff is not entitled to relief on this claim, and summary judgment should be granted in favor of Defendants.

## ARGUMENT

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") and 42 U.S.C. § 1997(e)(a), Plaintiff failed to exhaust his administrative remedies regarding his claims against Defendants. The PLRA forbids a state prisoner from suing under Section 1983 "until such administrative remedies as are available are exhausted." *Id*. (PLRA at § 803); *see also Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The United States Supreme Court has held that this exhaustion requirement applies to all inmate suits about prison life: general circumstances or particular episodes. *Id*.

The Seventh Circuit has taken a strict compliance approach to the exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Because exhaustion requires compliance with the prison's administrative procedures, the prisoner can exhaust his administrative remedies only through the completion of such procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). There is no "substantial compliance" exception to the PLRA's exhaustion requirement. Rather, exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly." *Chess v. Pindelski*, No. 07 C 5333, 2009 WL 174992, *3 (N.D. Ill. Jan. 23, 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *Pozo*, 286 F.3d at 1024). Proper use of the prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. A prisoner's grievance must also contain enough information to alert the prison to the nature of the wrong for which redress is sought. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). If the prisoner fails to properly use the prison's grievance process, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be considered indefinitely unexhausted. *Woodford*, 548 U.S. at 89-90; *Pozo*, 286 F.3d at 1025.

Illinois has a formal administrative grievance procedure for inmates. SOF, ¶ 12. This grievance procedure is detailed in the Illinois Administrative Code (20 Ill. Admin. Code § 504.800 *et seq.*). First, an inmate must attempt to resolve grievances through his counselor. SOF, ¶ 13. If the grievance, complaint, or issue remains unresolved, an inmate may file a written grievance on a grievance form provided by the Illinois Department of Corrections ("IDOC") and available at all institutions within sixty days of the incident; this is the second step in the grievance process. *Id*. The facility Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. *Id*.

Upon completion of such investigation, the Grievance Officer's conclusions and, if appropriate, recommended relief, is forwarded to the Chief Administrative Officer ("CAO") or the CAO's designee. *Id.* The CAO or the CAO's designee's decision is then submitted to the grieving inmate. *Id*.

If the inmate disagrees with the CAO's decision, he may appeal in writing to the Director of the IDOC by submitting the Grievance Officer's report and CAO's decision as the final appeal step in the process. SOF, ¶ 14. The Administrative Review Board ("ARB"), as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. *Id*. If so, the inmate is so advised. *Id*. Otherwise the matter is scheduled for an ARB hearing, which involves an interview of the grieving inmate, examining relevant documents and, at the ARB's discretion, calling witnesses. *Id*. The ARB submits a written report of its findings and recommendations to the Director or his designee, who reviews the report and makes a final determination on the grievance. *Id*. A copy of the ARB's report and the Director's final decision are sent to the inmate who filed the grievance, while the originals are maintained in ARB files pursuant to Department Rule 504F. *Id*. The grievance process provides no further means for review or appeal beyond this step. *Id*.

An inmate may request a grievance be reviewed on an emergency basis by forwarding the grievance directly to the CAO rather than a counselor or Grievance Officer. SOF, ¶ 15. If the CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. *Id*. If the CAO determines that the grievance should not be handled on an emergency basis, the grievance should be resubmitted by the inmate in accordance with the procedures described above. *Id*.

Certain issues may be addressed directly to the ARB, rather than first through a counselor

5

or grievance officer. SOF, ¶ 16. These issues are limited to: (a) decisions involving the involuntary administration of psychotropic medication; (b) decisions regarding protective custody placement, including continued placement in or release from protective custody; (c) decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and (d) other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned. *Id*. Grievances that can be addressed directly by the ARB are reviewed consistent with the aforementioned final step in the grievance process. SOF, ¶ 17. A prisoner has not exhausted administrative remedies until he completes the administrative process by following all of these rules established by the State. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Pozo*, 286 F.3d at 1022.

Plaintiff submitted only one grievance to the ARB concerning conditions of confinement, and the grievance had nothing to do events that Plaintiff alleges occurred on and proceeding July 8, 2017. SOF, ¶ 18-21. The grievance, related solely to alleged lack of hot water in cell W-306. (SOF, ¶ 18), did not contain any information that would have alerted the prison to the nature of any alleged wrongs by Defendants. *Strong*, 297 F.3d at 650. The sole grievance does not contain any other complaints about the conditions of confinement, such as a lack of bathroom access on the yard, the presence of insects, or any instance of Plaintiff being refused access to a bathroom. SOF, ¶ 19-20. Plaintiff did not file or appeal any other grievances concerning a denial of medical attention for insect bites and stings, lack of access to a clean uniform, lack of access to a shower, or any other matters related to the events of July 8, 2017 to the ARB, the final step in the administrative process. SOF, ¶ 17, 20-21. As such, Plaintiff failed to follow the proper steps outlined by the grievance process for the allegations contained in his Amended Complaint. Def's SOF, ¶ 12-17. Plaintiff failed to exhaust his administrative remedies regarding his conditions of

confinement and deliberate indifference to a serious medical need claims by not using the prison's grievance procedure to the fullest extent. *Woodford*, 548 U.S. at 88-89; *Pozo*, 286 F.3d at 1025.

## CONCLUSION

Since Plaintiff failed to exhaust his administrative remedies for the claims in his Amended Complaint, the Plaintiff cannot pursue this claim pursuant to the PLRA, 42 U.S.C. § 1997(e)(a), and the Court should grant Defendants' Motion for Summary Judgment.

WHEREFORE, Defendants respectfully request that the Court enter summary judgment on their behalf on the claims in Plaintiff's Amended Complaint with prejudice, and grant such other relief this court finds reasonable and just.

Dated: February 8, 2019

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ *Shawn M. Peters*
Shawn M. Peters
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-4752
SPeters@atg.state.il.us

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 8, 2019, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/*Shawn M. Peters*