**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENDRICK BUTLER,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN RANDY PFISTER, WARDEN OF OPERATIONS (F/N/U) ACOSTA, LIEUTENANT WILLIAM BROWN, SERGEANT TERRELL PORK, OFFICER JOHN DOE 1, OFFICER JOHN DOE 2, OFFICER MARCIN LES, and OFFICER ANTHONY GARANT,<br><br>    Defendants. | Jury Demand<br><br>Case No. 1:18-CV-00049<br><br>Hon. Robert W. Gettleman |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS PFISTER, BROWN, PORK, AND GARANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND ..................................................................................................................2

    A. Plaintiff's Amended Complaint ...........................................................................2

    B. The IDOC Grievance Process..............................................................................2

    C. Mr. Butler's Grievances Regarding the July 8, 2017 Incident in the Recreation Yard ....................................................................................................3

III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION SHOULD BE DENIED OUTRIGHT WHERE IT IS APPARENT THAT THE PLAINTIFF EXHAUSTED ALL AVAILABLE REMEDIES. ......................................4

    A. The IDOC Grievance Log Shows That the IDOC Received Mr. Butler's Grievances Regarding the July 8, 2017 Incident. ...............................................6

    B. Defendants' Principal Support for Their Motion, Ms. Knauer's Declaration, Is Deficient. .......................................................................................9

    C. Mr. Butler's Affidavit Is Affirmative Evidence Showing that He Exhausted All Available Remedies. ...................................................................11

IV. CONCLUSION..................................................................................................................13

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Bruce v. Ghosh*,
  No. 11-cv-3138, 2015 WL 1727318 (N.D. Ill. Apr. 13, 2015)...................................................6

*Butler v. Pork, et al.*,
  17-cv-9155 (N.D. Ill.) (Gettleman, J.) .......................................................................................1

*Davis v. United States*,
  No. 13 C 8342, 2015 WL 1510821 (N.D. Ill. Mar. 30, 2015) .................................................12

*Dole v. Chandler*,
  438 F.3d 804 (7th Cir. 2006) .................................................................................................5, 8

*Henderson v. Brown*,
  No. 08 C 3172, 2009 WL 2496559 (N.D. Ill. Aug. 11, 2009)...................................4, 5, 10, 11

*Hernandez v. Dart*,
  814 F.3d 836 (7th Cir. 2016) ..........................................................................................4, 5, 11

*Jobes v. Godinez*,
  No. 15-CV-4481, 2018 WL 3474532 (N.D. Ill. July 19, 2018)...............................................12

*Kabba v. Step*,
  458 F.3d 678 (7th Cir. 2006) ...................................................................................................12

*King v. McCarty*,
  781 F.3d 889 (7th Cir. 2015) .................................................................................................4, 5

*Kyles*, 2017 WL 4122708, at *3..........................................................................................................5

*Lloyd v. Dart*,
  No. 14 C 69, 2016 WL 232422 (N.D. Ill. Jan. 20, 2016) .........................................................5

*Nesbitt v. Villanueva*,
  No. 09 C 6080, 2011 WL 737617 (N.D. Ill. Feb. 24, 2011).....................................................6

*Pavey v. Conley*,
  544 F.3d 739 (7th Cir. 2008) .................................................................................................4, 5

*Phelps v. Martin*,
  No. 08-CV-7132, 2010 WL 331721 (N.D. Ill. Jan. 22, 2010)........................................8, 9, 12

*Pyles v. Nwaobasi*,
  829 F.3d 860 (7th Cir. 2016) .................................................................................................2, 5

*Schaefer v. Bezy*,
 336 F. App'x 558 (7th Cir. 2009) ...........................................................................................5

*Vega v. McCann*,
 No. 08 C 4536, 2011 WL 13475 (N.D. Ill. Jan. 4, 2011) .......................................................12

*Winston v. Clarke*,
 746 F. App'x 561 (7th Cir. 2018) .....................................................................................11, 12

**STATUTES**

42 U.S.C. § 1983 ...............................................................................................................................1, 4

42 U.S.C. § 1997e(a) ...............................................................................................................................1

Plaintiff Kendrick Butler, by and through his attorneys, Jenner & Block LLP, respectfully requests that the Court deny Defendants' Motion for Summary Judgment on Exhaustion (the "Motion"). Defendants' Motion cannot overcome record evidence showing that Mr. Butler filed grievances about the alleged incident, did not receive an administrative response or decision, and was, therefore, prevented from exhausting his administrative remedies. Additionally, the declaration on which Defendants rely is contradicted by documentary evidence produced by the Illinois Department of Corrections ("IDOC") and Mr. Butler's affidavit.

## I.  INTRODUCTION

Mr. Butler is a prisoner in the custody of the IDOC. He suffers from Irritable Bowel Syndrome ("IBS") and other objectively serious medical conditions. He brought this action under 42 U.S.C. § 1983 seeking redress against IDOC Defendants Pfister, Brown, Pork, and Garant, among others, for subjecting him to unconstitutional conditions of confinement and denying him necessary medical treatment. Defendants' Motion argues that Mr. Butler did not exhaust all administrative remedies available to him before filing this case. Defendants contend that as a result of this alleged failure, they are entitled to summary judgment under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Dkt. 44 at 1).

The Court should deny Defendants' Motion. The IDOC's own document production in Mr. Butler's co-pending case (the "*Pork* Case")[1] demonstrates that Mr. Butler exhausted the administrative remedies available to him.

---

[1] Mr. Butler's co-pending case includes some of the same defendants and is captioned *Butler v. Pork, et al.*, 17-cv-9155 (N.D. Ill.) (Gettleman, J.).

## II. BACKGROUND

### A. Plaintiff's Amended Complaint

Mr. Butler alleges in his Amended Complaint that Defendants knew that he required frequent access to bathroom facilities at Stateville Correctional Center ("Stateville") due to his IBS. SOF at ¶ 1.[2] He further alleges that on July 8, 2017, Defendants forced him to choose between either using an indoor bathroom and forfeiting his time in the outdoor recreation yard or entering the yard. SOF at ¶ 1. While in the yard, Mr. Butler asked to use an indoor bathroom, but Defendants denied him access. SOF at ¶ 1. Because Defendants refused to allow Mr. Butler to return indoors to use the bathroom, Mr. Butler defecated on himself and soiled his uniform. SOF at ¶ 2. When Mr. Butler requested access to the indoor bathroom to clean himself and change his uniform, Defendants refused, and instead kept Mr. Butler outside for several hours in his soiled clothing while he suffered insect bites, which later became infected. SOF at ¶ 2.

### B. The IDOC Grievance Process

The IDOC has implemented a three-step formal grievance process. SOF at ¶¶ 4-8. *First*, an inmate must attempt to resolve his grievance by having an informal dialogue with his counselor. SOF at ¶ 4; *see also Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). *Second*, if the inmate's conversation with the counselor does not resolve the grievance, the inmate must submit a handwritten grievance to the Grievance Officer within 60 days of the incident. SOF at ¶ 4; *Pyles*, 829 F.3d at 864. Upon receipt of a filed grievance, the Grievance Officer is required to review it and conduct an investigation, if necessary. SOF at ¶ 5. The Grievance Officer is then obligated to draft a report and recommendation, and send the original grievance and relevant documentation to

---

[2] Mr. Butler has filed contemporaneously with this Brief in Opposition to Defendants' Motion for Summary Judgment a Statement of Facts under Local Rule 56.1, to which he cites as "SOF."

2

the Chief Administrative Officer ("CAO"). SOF at ¶ 6. *Finally*, the CAO must render a final decision on the grievance, and return that decision, in writing, to the inmate along with the inmate's original grievance form. SOF at ¶ 6. The CAO must make all reasonable efforts to respond to the inmate's grievance within 60 days of receipt of the grievance. SOF at ¶ 6.

After the inmate receives the CAO's decision, the inmate may appeal that decision to the Administrative Review Board ("ARB"). SOF at ¶ 7. When filing an appeal with the ARB, the inmate must enclose the original grievance and all the relevant paperwork he received from the CAO. SOF at ¶ 7. If an inmate fails to submit the original grievance and related paperwork when he submits an appeal, the ARB will deny the appeal and return it to the inmate, marking it as improperly filed. SOF at ¶ 7. The Grievance Officer or the ARB will dismiss the grievance as improperly filed if an inmate submits or re-submits a grievance more than 60 days after the incident without good cause. SOF at ¶ 7.

### C. Mr. Butler's Grievances Regarding the July 8, 2017 Incident in the Recreation Yard

On or about July 8, 2017 and July 9, 2017, Mr. Butler submitted two grievances to Stateville's Grievance Officer complaining about the unsanitary and inhumane conditions he endured on July 8, 2017 in the outdoor recreation yard as a result of the Defendants' conduct. SOF at ¶¶ 3, 15, 16. Mr. Butler filed these grievances in order to obtain relief from these conditions. SOF at ¶ 3.

According to IDOC documents, the IDOC received Mr. Butler's two grievances on July 10, 2017, noting that the grievances were about "RECREATION" and "CONDITIONS." SOF at ¶ 15. Despite the fact that Mr. Butler filed these grievances and the IDOC received them, no Grievance Officer, ARB member, or other IDOC official ever rendered a decision on either grievance, nor did they return to Mr. Butler his original grievances, provide him with documents

3

explaining that these grievances were ever reviewed, or render an official decision. SOF at ¶¶ 10, 11.

Defendants' Motion relies solely on a declaration of ARB Chairperson Debbie Knauer, in which she states that she reviewed Mr. Butler's ARB file and did not find any grievance filed by Mr. Butler related to the July 8, 2017 yard incident. SOF at ¶¶ 17-21. Remarkably, neither Defendants, in documents they have provided in support of their Motion, nor Ms. Knauer, in her declaration, identify either of the grievances Mr. Butler filed about the July 8, 2017 incident in the recreation yard, despite having records of those grievances being filed and received. SOF at ¶¶ 10, 15, 20, 21. In fact, Defendants and Ms. Knauer fail to even mention the IDOC's Grievance Log, which shows that Mr. Butler filed grievances regarding "RECREATION" and "CONDITIONS," and that both were received by the IDOC on July 10, 2017, but never responded to. SOF at ¶¶ 10, 15, 20, 21.

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION SHOULD BE DENIED OUTRIGHT WHERE IT IS APPARENT THAT THE PLAINTIFF EXHAUSTED ALL AVAILABLE REMEDIES.

Before proceeding to the merits of a § 1983 claim, courts must determine whether an inmate has complied with the PLRA's requirement to exhaust his administrative remedies. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Defendants bear the burden of showing that the inmate failed to exhaust his administrative remedies. *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The court must view the evidence in the light most favorable to the plaintiff and must draw all reasonable inferences in the plaintiff's favor. *Hernandez*, 814 F.3d at 840-42 (holding that prison officials prevented plaintiff from exhausting his remedies when they failed to inform him of the correct grievance procedures); *Henderson v. Brown*, No. 08 C 3172, 2009 WL 2496559, at *3 (N.D. Ill. Aug. 11, 2009) (finding that defendants failed to meet their burden based on the court's inference that prison officials lost

4

plaintiff's grievance, and crediting the plaintiff's statement that he filed an emergency grievance with the ARB but received no response).

Accordingly, to prevail on a motion for summary judgment on exhaustion, defendants must show that there is no genuine dispute of material fact regarding whether the plaintiff failed to exhaust all available administrative remedies. *Pavey*, 544 F.3d at 740. To carry this burden, defendants "must do more than point to a lack of evidence" that the plaintiff exhausted his remedies. *Henderson*, 2009 WL 2496559, at *3 (*citing Schaefer v. Bezy*, 336 F. App'x 558, 560 (7th Cir. 2009)). Instead "they *must establish affirmatively* that the evidence is so one-sided that no reasonable fact finder could find that" the defendants prevented plaintiff "from exhausting his administrative remedies." *Schaefer*, 336 F. App'x at 560 (emphasis added) (internal quotation marks omitted) (concluding that the plaintiff's affidavit, in which he asserted that he did all he could to exhaust available remedies, created a genuine dispute of fact).

In *Pavey* disputes specifically, defendants must demonstrate that the inmate did not "adhere to the specific procedures and deadlines established by the prison's policy." *King*, 781 F.3d at 893. While inmates should follow the formal IDOC grievance process to satisfy the PLRA's requirements, the law does not "demand the impossible" from inmates. *Kyles*, 2017 WL 4122708, at *3. An inmate cannot exhaust remedies that are "genuinely unavailable or nonexistent" to him. *Pyles*, 829 F.3d at 864. As such, a prison official's "affirmative misconduct," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and even an official's "omissions," *Hernandez*, 814 F.3d at 842, can render administrative remedies "unavailable" to an inmate. *Lloyd v. Dart*, No. 14 C 69, 2016 WL 232422, at *3 (N.D. Ill. Jan. 20, 2016) (internal citations omitted) (holding that an inmate who was not informed of the grievance process was unable to exhaust his administrative remedies, because "the availability of a remedy was a matter of what is realistically accessible for a prisoner

5

to pursue").

Importantly, if this Court determines that it is "apparent," based on the record evidence and Mr. Butler's affidavit, that Mr. Butler was unable to exhaust his administrative remedies, then this Court should deny Defendants' motion for summary judgment outright and proceed to the merits of the case. *See*, *e.g.*, *Bruce v. Ghosh*, No. 11-cv-3138, 2015 WL 1727318, at *5, *10 (N.D. Ill. Apr. 13, 2015) (holding that a *Pavey* hearing was not required because exhaustion was "apparent" where the plaintiff did not file an appeal because the grievance officer told the plaintiff that his issues had been resolved); *Nesbitt v. Villanueva*, No. 09 C 6080, 2011 WL 737617, at *3-4 (N.D. Ill. Feb. 24, 2011) (denying summary judgment outright and crediting plaintiff's statement that he did not timely appeal his grievance because he "reasonably" believed the issue had been resolved based on a grievance response stating that he was being referred to the dispensary for treatment).

Defendants cannot prevail on their motion because it is apparent that Mr. Butler exhausted all remedies that were available to him. The evidence, far from suggesting lack of exhaustion, actually demonstrates that Mr. Butler filed two grievances related to the July 8, 2017 incident, that the IDOC received both grievances, and that neither the CAO nor the ARB responded to the grievances or returned to Mr. Butler copies of either grievance. The IDOC's inaction in the face of these two grievances made it impossible for Mr. Butler to exhaust all the steps of the formal grievance procedure. Based on the documentary evidence, exhaustion is apparent, and therefore, this Court should deny the Defendants' Motion outright.

### A. The IDOC Grievance Log Shows That the IDOC Received Mr. Butler's Grievances Regarding the July 8, 2017 Incident.

In the *Pork* Case, the IDOC produced an IDOC Grievance Log that reflects various grievances Mr. Butler filed during his incarceration in IDOC facilities, including during the July 2017 timeframe at issue in this case. The IDOC Grievance Log shows that Mr. Butler filed two

6

grievances, on July 8, 2017 and July 9, 2017, about the conditions of confinement in the recreation yard. SOF at ¶ 15. Specifically, the IDOC Grievance Log reflects that on July 10, 2017, the IDOC received Mr. Butler's July 8, 2017 grievance about "RECREATION." SOF at ¶ 15. Moreover, the IDOC Grievance Log indicates that on July 10, 2017, the IDOC received Mr. Butler's July 9, 2017 grievance about "CONDITIONS." SOF at ¶ 15.

Defendants have failed to offer any evidence showing that the Grievance Officer or CAO fulfilled their administrative obligations to render a written decision on Mr. Butler's grievances, filed on July 8 and July 9, 2017, and to return original copies of these grievances to him. SOF at ¶¶ 6, 7, 10, 11. Tellingly, in the *Pork* case, Defendants produced Grievance Officer recommendations and CAO decisions on Mr. Butler's *other* grievances. SOF at ¶¶ 9, 19. These IDOC records make clear that, as a part of its files, the IDOC maintains copies of Grievance Officer recommendations and CAO decisions when inmates submit grievances, and did so related to Mr. Butler's grievances. SOF at ¶ 19. Yet, the IDOC records do not include any recommendations or decisions regarding Mr. Butler's July 8 and July 9, 2017 grievances regarding the recreation yard incident. SOF at ¶ 10, 11, 20, 21.

Whether the IDOC lost the grievances after receiving them or simply failed to respond is irrelevant. The IDOC's owns records demonstrate that the IDOC received Mr. Butler's grievances regarding the July 8, 2017 incident and thereafter failed to take any action whatsoever on these grievances. Mr. Butler went as far as he could possibly go in exhausting his administrative remedies because, based on the IDOC's own documentation, the CAO failed to return to him any documentation or a written decision regarding either grievance. SOF at ¶¶ 7, 10, 11.

Based on the IDOC's documents alone, and consistent with relevant case law, this Court should deny Defendants' motion and hold that Mr. Butler exhausted his available administrative

7

remedies. Courts have held that an inmate is deemed to have exhausted all available administrative remedies when prison officials do not respond to an inmate's grievance. For example, in *Dole*, the Seventh Circuit found that the ARB never received the plaintiff's emergency grievance, because prison officials misplaced the grievance during the mail delivery process. 438 F.3d at 810. The plaintiff placed his grievance to the ARB in a "chuckhole" in his cell for pick up, and the defendants acknowledged that a guard picked up the grievance for delivery to the ARB. *Id.* at 807. Yet, the defendants argued that the plaintiff failed to exhaust his remedies based on the fact that the ARB never received a timely appeal from him. *Id.* at 808. The plaintiff responded that he had exhausted all available remedies because the prison officials lost his original grievance. *Id.* at 808-10. The court held that the plaintiff could not be faulted for failing to file his grievance with the ARB. *Id.* at 810. According to the court, the plaintiff had exhausted all *available* administrative remedies because the plaintiff had "no choice in the method used to transmit the complaint" and had "no means of being alerted that the ARB had not received his appeal in time to file a new, timely complaint." *Id.* at 813.

Similarly, in *Phelps v. Martin*, the court denied the defendants' motion for summary judgment on exhaustion, where the inmate claimed that he never received a response to the grievance he submitted. No. 08-CV-7132, 2010 WL 331721, at *5 (N.D. Ill. Jan. 22, 2010). There, the plaintiff stated that he sent a grievance directly to the ARB but that he did not receive a response within the prescribed six-month period. *Id.* at *5. The defendants claimed that the ARB did not receive a timely grievance from the plaintiff. *Id.* But the defendants only supported their motion by pointing to an *absence* of any documents showing that the plaintiff had filed a timely grievance. *Id.* The court held that this was insufficient to meet the defendants' burden on summary judgment and credited the plaintiff's statement that he had submitted a grievance. *Id.* The court inferred,

8

based on all the evidence presented by the parties, that "through inadvertence, negligence or loss," the defendants never picked up or lost the plaintiff's grievance. *Id*.

Mr. Butler, like the plaintiffs in *Dole* and *Phelps*, could not exercise control over his grievances once he filed them. He was not told when (or if) the Grievance Officer received his grievance, when (or if) the Grievance Officer drafted a recommendation, or when (or if) the Grievance Officer sent the recommendation and original grievance to the CAO. SOF at ¶¶ 6, 7, 10, 11. Mr. Butler certainly never received from the CAO a written denial of his grievances, as confirmed by the lack of any IDOC records indicating any such action was taken. SOF at ¶¶ 6, 7, 10, 11. Mr. Butler cannot be faulted for the IDOC officials' inaction regarding his grievances or their failure to properly respond to him.

As in *Dole*, the IDOC prevented Mr. Butler from appealing any decision or taking the next step on the path towards exhausting his administrative remedies because IDOC officials failed to take any action *at all* on his grievances about the July 8, 2017 incident in the recreation yard. Thus, even if Defendants can show that Mr. Butler did not file an appeal to the ARB, they have not provided any evidence showing that this final step in the grievance process was available to him. SOF at ¶¶ 6, 7, 10, 11. This Court should not punish Mr. Butler for not opening a door to which he was never given the key. Because IDOC officials prevented Mr. Butler from further exhausting his administrative remedies, the Court should deny Defendants' motion.

### B. Defendants' Principal Support for Their Motion, Ms. Knauer's Declaration, Is Deficient.

Defendants' Motion solely relies on Ms. Knauer's declaration, but that declaration is clearly flawed. SOF at ¶¶ 21, 25. In her declaration, Ms. Knauer claims to have reviewed Mr. Butler's ARB grievance file to determine whether Mr. Butler filed any appeals regarding the July 8, 2017 incident in the recreation yard and whether the ARB received any such appeals. SOF at ¶

9

17. As a result of that review, Ms. Knauer reported that she found only one grievance where Mr. Butler complains about prison conditions, and that she could not find any grievances relating to the July 8, 2017 incident. SOF at ¶ 18. The IDOC's own records, produced in the *Pork* Case, contradict Ms. Knauer's declaration.

As described above, the IDOC and ARB Grievance Logs prove that Mr. Butler filed *two* grievances related to the July 8, 2017 incident in the recreation yard and prison conditions. SOF at ¶ 15. Ms. Knauer's declaration fails to mention either grievance and, in fact, affirmatively suggests that no such grievances exist. Moreover, Ms. Knauer's review did not capture an additional grievance that Mr. Butler filed on May 5, 2017, in which Mr. Butler grieves about prison conditions—specifically, the heat being on in his living unit. SOF at ¶¶ 23-25. This is despite the fact that on September 1, 2017, Ms. Knauer personally reviewed this particular grievance in her capacity as ARB Chairperson. SOF at ¶ 25. Ms. Knauer's review of Mr. Butler's grievance file was woefully incomplete, rendering her declaration inaccurate and insufficient, and foreclosing this Court's ability to rely on it when considering Defendants' Motion.

Even if Ms. Knauer's declaration and the review underlying it were not evidently deficient, Defendants cannot solely rely on her declaration to meet their burden in this case. This is because Defendants must "establish affirmatively that the evidence is so one-sided that no reasonable fact finder could find that" Defendants prevented Mr. Butler from exhausting his administrative remedies. *Henderson*, 2009 WL 2496559, at *3. In *Henderson*, the plaintiff asserted that he filed a grievance directly with the ARB and received no response within the six-month time frame. *Id.* The defendants filed a motion for summary judgment on exhaustion, arguing that plaintiff did not submit any complaints to the ARB other than an untimely "amended grievance." *Id.* The court held that defendants must "do more than point to a lack of evidence in the record" and that "the lack of

10

any documentary evidence" of the grievance was not dispositive. *Id.* (internal citations omitted). Accordingly, the court denied the defendants' motion for summary judgment, crediting the plaintiff's statement that he never received a response to his grievance from the ARB. *Id.*

Similarly here, Defendants' reliance on Ms. Knauer's bare assertions that she found no documentary evidence that Mr. Butler filed grievances related to the July 8, 2017 incident in the recreation yard is insufficient to carry their burden on summary judgment. This is especially true given that Mr. Butler's affidavit swearing that he filed two grievances related to the July 8, 2017 incident is corroborated by record evidence that the IDOC received these grievances. For these reasons too, the Defendants' Motion should be denied.

### C. Mr. Butler's Affidavit Is Affirmative Evidence Showing that He Exhausted All Available Remedies.

In conjunction with this Response to Defendants' Motion, Mr. Butler submitted an affidavit swearing that he filed grievances regarding the July 8, 2017 incident. SOF at ¶ 3. Because Mr. Butler is the non-movant, this Court must view all facts and evidence in the light most favorable to him. *Hernandez*, 814 F.3d at 840; *Henderson*, 2009 WL 2496559, at *3. In light of Mr. Butler's affidavit, even ignoring Defendants' evidentiary deficiencies described above, the Court should hold that Mr. Butler exhausted all available remedies.

The Seventh Circuit's recent decision in *Winston v. Clarke* is instructive and factually analogous to this case. 746 F. App'x 561 (7th Cir. 2018). In *Winston*, defendants moved for summary judgment on exhaustion, relying on a prison official's affidavit indicating that the official "was unable to locate any grievances" that the plaintiff allegedly filed about the incident. *Id.* at 563. In response, plaintiff submitted a declaration stating that he filed the grievances in question and did not receive a response from prison officials. *Id.* The defendants argued that the plaintiff's statements lacked the detail necessary to create an issue of material fact regarding exhaustion. *Id.*

The court denied the defendants' motion for summary judgment on exhaustion, even though the plaintiff did not cite any official records to support his claim that he filed a grievance about the alleged incident. *Id.* Similarly, in *Phelps*, the court denied the defendants' motion for summary judgment, holding that the court should credit "[p]laintiff's statement[s]" even when there is no other documentation on which to rely. *Phelps*, 2010 WL 331721, at *2-5 (holding that an affidavit from a prison official who stated that the plaintiff did not file a timely grievance because she could not find one in his file was insufficient to meet the defendants' burden).

Like the plaintiff in *Winston*, Mr. Butler has provided an affidavit explaining that he filed grievances about the July 8, 2017 incident in the recreation yard and that he did not receive a response from the CAO or the ARB. SOF at ¶¶ 3, 10, 11. This Court should follow the precedents established in *Winston* and *Phelps* by crediting Mr. Butler's statement that he filed these grievances. *Winston*, 746 F. App'x at 563; *Phelps*, 2010 WL 331721, at *5. In fact, Mr. Butler's argument is even stronger than the plaintiff in *Winston* because Mr. Butler's affidavit is supported by documentary evidence produced by the IDOC. As described above, the IDOC Grievance Log fully supports Mr. Butler's declaration that he filed two grievances related to the July 8, 2017 incident in the recreation yard and received no response. SOF at ¶¶ 3, 15.

This Court should view Mr. Butler's affidavit (and Ms. Knauer's deficient declaration) in the light most favorable to Mr. Butler,[3] particularly because the IDOC and ARB Grievance Log contradicts Ms. Knauer's declaration and supports Mr. Butler.

---

[3] Where plaintiffs and defendants produce factually contradictory affidavits to support their arguments on the issue of exhaustion, courts view affidavits in the light most favorable to the non-moving party. *See Kabba v. Step*, 458 F.3d 678, 682-687 (7th Cir. 2006); *Jobes v. Godinez*, No. 15-CV-4481, 2018 WL 3474532, at *5-6 (N.D. Ill. July 19, 2018); *Davis v. United States*, No. 13 C 8342, 2015 WL 1510821, at *2 (N.D. Ill. Mar. 30, 2015); *Vega v. McCann*, No. 08 C 4536, 2011 WL 13475, at *4 (N.D. Ill. Jan. 4, 2011).

12

\*\*\*

## IV. CONCLUSION

Evidence produced by the IDOC corroborates Mr. Butler's affidavit that he filed two grievances related to the July 8, 2017 incident, and never received a response to those grievances. In contrast, Defendants' Motion relies on Debbie Knauer's legally insufficient and factually incomplete affidavit. Therefore, Defendants have fallen far short of showing that there is no genuine issue of material fact on exhaustion; instead, Mr. Butler has demonstrated that it is apparent that he was prevented from exhausting his administrative remedies. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion and move this matter to merits discovery.

Dated: March 22, 2019

Respectfully submitted,

KENDRICK BUTLER

By: /s/ Reid J. Schar

Reid J. Schar (Ill. Bar No. 6243821)
Aaron J. Hersh (Ill. Bar No. 6313035)
E.K. McWilliams (Ill. Bar No. 6316830)
Jing Xun Quek (Ill. Bar No. 6327466)
P A Done Thushanthi Appuhamy (Ill. Bar No. 6330693)
Philip B. Sailer (Ill. Bar No. 6330378)

Jenner & Block LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 923-2629
Facsimile: (312) 527-0484
Email: rschar@jenner.com

*Counsel for Plaintiff Kendrick Butler*