IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENDRICK BUTLER, | ) | |
| | ) | No. 1:18-cv-00049 |
| Plaintiff, | ) | |
| | ) | Hon. Robert W. Gettleman |
| v. | ) | Judge Presiding |
| | ) | |
| RANDY PFISTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

Defendants, Randy Pfister, Lt. Brown, Sgt. Pork, and Officer Garant, by and through their attorney Kwame Raoul, Attorney General for the State of Illinois, hereby respond to plaintiff's Local Rule 56.1 statement of material facts, as follows:

1.  Mr. Butler alleges in his Amended Complaint that Defendants knew he needed frequent access to the bathroom due to his Irritable Bowel Syndrome ("IBS"). He also alleges that on July 8, 2017, he asked Defendants to use an indoor bathroom before he entered and while he was in the recreation yard of Stateville Correctional Center ("Stateville") to prevent involuntarily defecating on himself due to his IBS. Defendants told him that he would forfeit his access to the recreation yard if he used the indoor bathroom facilities before yard time began. (Dkt. 38 at ¶¶ 32-34 (Mr. Butler's Amended Complaint)). Defendants also denied Mr. Butler access to the indoor bathroom facilities on multiple occasions after he had entered the recreation yard, and forced him to stay in the recreation yard. (Dkt. 38 at ¶¶ 32-44 (Mr. Butler's Amended Complaint)).

**RESPONSE**: **Disputed. Defendants dispute Plaintiff asked Defendants to use an indoor bathroom before he entered and while he was in the recreation yard of Stateville to prevent involuntarily defecating on himself due to his IBS. Defendants dispute they told Plaintiff he would forfeit his access to the recreation yard if he used the indoor bathroom facilities before yard time began. Defendants dispute they denied Plaintiff access to the indoor bathroom facilities on multiple occasions after he had entered the recreation yard, and**

1

**dispute they forced him to stay in the recreation yard.**

2.      Mr. Butler further alleges that the conditions in Stateville's recreation yard on July 8, 2017 were unlawful and exacerbated his IBS, and that correctional officers' refusal to allow him indoors to use the bathroom caused him to defecate on himself and soil his uniform. He alleges that he was forced to remain in the recreation yard until his unit's yard time was over, and suffered from insect bites, which later became infected. (Dkt. 38 at ¶¶ 45-54 (Mr. Butler's Amended Complaint)).

**RESPONSE**:  **Defendants admit Plaintiff alleges the conditions in Stateville's recreation yard on July 8, 2017 were unlawful and exacerbated his IBS, and that correctional officers' refusal to allow him indoors to use the bathroom caused him to defecate on himself and soil his uniform. Defendants admit Plaintiff alleges that he was forced to remain in the recreation yard until his unit's yard time was over, and suffered from insect bites, which later became infected.**

3.      After the July 8, 2017 incident in the recreation yard—and as reflected in the Illinois Department of Corrections' ("IDOC's") own grievance records—Mr. Butler filed two grievances, on July 8, 2017 and July 9, 2017, regarding the unlawful prison conditions in Stateville's recreation yard. Mr. Butler filed both grievances with Stateville's Grievance Officer. (Ex. A at ¶ 1 (Mr. Butler's Affidavit); (Ex. E at 2 (IDOC Grievance Log)). Mr. Butler filed these grievances to seek relief from these inhumane yard conditions. (Ex. A at ¶ 2 (Mr. Butler's Affidavit)).

**RESPONSE**:  **Disputed. Defendants admit Plaintiff filed two grievances on July 8, 2017 and July 9, 2017, but Defendants dispute Plaintiff filed them regarding unlawful prison conditions in Stateville's recreation yard to the extent Defendants cannot verify the contents of the July 8, 2017 and July 9, 2017 grievances, as the grievances have not been produced by Plaintiff.**

4.      Under the relevant provisions of the Illinois Administrative Code, an inmate may submit his written grievances to the Grievance Officer after consulting with his counselor, but must do so within 60 days of the incident that is the subject of the grievance. (Ex. B at 2 (Ill. Admin. Code)).

**RESPONSE**:  **This paragraph is undisputed.**

5.      Upon receipt of a filed grievance, the Grievance Officer reviews it and conducts an investigation if necessary. (Ex. B at 3 (Ill. Admin. Code)).

**RESPONSE**:  **This paragraph is undisputed.**

6.      Under applicable IDOC policies, after an initial review, the Grievance Officer must send a report and recommendation to the Chief Administrative Officer ("CAO"). Upon rendering a decision, the CAO must advise the inmate, in writing, of the final decision regarding the inmate's grievance. (Ex. B at 3 (Ill. Admin. Code)). The CAO must make reasonable efforts to return to the inmate his original grievance and provide him with a written report and decision within 60 days after his grievance is received by the CAO. (Ex. C (IDOC Admin. Dir. 04-01-114)).

**RESPONSE**:  **This paragraph is undisputed.**

7.      An inmate who wishes to appeal the CAO's report and decision must submit an appeal to the ARB, containing the original grievance paperwork and the CAO's written report and decision. If an inmate does not submit all the necessary paperwork with his appeal to the ARB, the ARB must return the appeal to the inmate and indicate which documents the inmate failed to enclose in his appeal. The Grievance Officer or the ARB can dismiss a grievance that an inmate submits after 60 days following the incident. If the inmate, however, can demonstrate good cause for failing to file a timely grievance or appeal, the grievance must still be considered. (Ex. B at 5 (Ill. Admin. Code)).

**RESPONSE**:  **This paragraph is undisputed.**

8.      The ARB is required to make reasonable efforts to provide to the inmate its written report and decision on the inmate's grievance appeal within 120 days after the grievance is received by the ARB. (Ex. D (IDOC Admin. Dir. 04-01-115)).

**RESPONSE**:  **This paragraph is undisputed.**

9.      The IDOC has produced documents to Mr. Butler and his attorneys through discovery in another pending case between Mr. Butler and the IDOC captioned Butler v. Pork, et al., No. 17-cv-9155 (N.D. Ill.) (Gettleman, J.) (the "Pork Case").

**RESPONSE**:  **This paragraph is undisputed.**

10.     Defendants have not produced, in this matter or the Pork Case, any documents showing that the CAO satisfied his or her duty to return to Mr. Butler a written report regarding the CAO's final determination on Mr. Butler's grievances relating to the July 8, 2017 incident in the recreation yard. (Dkt. 45 (Motion for Summary Judgment on Exhaustion))

**RESPONSE**:  **Disputed. The CAO has a duty to return to an inmate a written report**

**regarding the CAO's final determination of a grievance only after the grievance has been reviewed by a grievance counselor and a grievance officer. Plaintiff has failed to demonstrate Plaintiff's grievances were related to the alleged July 8, 2017 incident as the grievances have not been produced by Plaintiff, or that Plaintiff had waited for the grievances to be reviewed by a grievance counselor and a grievance officer.**

11. Mr. Butler did not receive any response from the IDOC concerning either of his grievances relating to the July 8, 2017 incident in the recreation yard. (Ex. A at ¶ 3 (Mr. Butler's Affidavit)); (Ex. E at 2 (IDOC Grievance Log)). presage

**RESPONSE**: **This paragraph is undisputed.**

12. In the Pork Case, the IDOC produced, among other documents, an IDOC Grievance Log (attached hereto as Ex. E), an ARB Grievance Log (attached hereto as Ex. F), and a grievance that Mr. Butler submitted on May 5, 2017 regarding the conditions of his confinement, specifically that it was too hot in Unit E. (attached hereto as Ex. G).

**RESPONSE**: **This paragraph is undisputed.**

13. The IDOC Grievance Log contains references to many, if not all, grievances Mr. Butler filed over a certain timeframe, including the July 2017 timeframe at issue in this case. (Ex. E). The ARB Grievance Log contains references to many, if not all, grievances that Mr. Butler has appealed to the ARB. (Ex. F)

**RESPONSE**: **This paragraph is undisputed.**

14. Neither the IDOC nor ARB Grievance Logs were identified by Debbie Knauer, the ARB Chairperson, in her declaration provided in support of Defendants' Motion for Summary Judgment. (Dkt. 45, Ex. C). Defendants did not reference or identify either of these logs in their Motion for Summary Judgment (Dkt. 44), accompanying Memorandum in Support (Dkt. 46), or any of the exhibits provided in support of those filings.

**RESPONSE**: **Disputed to the extent Plaintiff alleges Ms. Knauer's job duties require her identify or reference IDOC or ARB Grievance Logs. Ms. Knauer, as an Administrative Review Board Chairperson, responds to grievances filed by IDOC inmates that are filed or appealed to the ARB.**

15. According to the IDOC Grievance Log, Mr. Butler filed a grievance about

4

"RECREATION" on July 8, 2017 and filed a grievance about "CONDITIONS" on July 9, 2017. (Ex. E at 2 (IDOC Grievance Log)). The IDOC received both these grievances on July 10, 2017. (Id.). Below is an excerpt from the IDOC Grievance Log for July 2017 which reflects the dates on which Mr. Butler submitted the two grievances and the dates on which the IDOC received those grievances:

| M03292 | BUTLER | 7/8/2017 | 7/10/2017 | RECREATION |
| M03292 | BUTLER | 7/9/2017 | 7/10/2017 | PP - EXCESS LEGAL BOXES |
| M03292 | BUTLER | 7/9/2017 | 7/10/2017 | CONDITIONS |

**RESPONSE**: **This paragraph is undisputed.**

16. In his July 8, 2017 and July 9, 2017 grievances, Mr. Butler complained about the unlawful prison conditions in Stateville's recreation yard, how those unlawful conditions exacerbated his IBS, and how, on July 8, 2017, those conditions and correctional officers' refusal to let him indoors to use the bathroom caused him to defecate on himself while he was in the recreation yard. (Ex. A at ¶ 1 (Mr. Butler's Affidavit)); (Ex. E at 2 (IDOC Grievance Log)).

**RESPONSE**: **Disputed. Defendants dispute Plaintiff filed the July 8, 2017 and July 9, 2017 regarding unlawful prison conditions in Stateville's recreation yard to the extent Defendants cannot verify the contents of the July 8, 2017 and July 9, 2017 grievances, as the grievances have not been produced by Plaintiff.**

17. On or before February 7, 2019, Debbie Knauer purported to review the ARB's records for all of the grievances that Mr. Butler filed about prison conditions. (Decl. of D. Knauer, Dkt. 45, Ex. C).

**RESPONSE**: **This paragraph is undisputed.**

18. Her search purportedly revealed only one grievance, filed by Mr. Butler on February 22, 2018, relating to conditions of confinement, and specifically a lack of hot water in his unit. (Decl. of D. Knauer, Dkt. 45, Ex. C).

**RESPONSE: This paragraph is undisputed.**

19. The ARB received Mr. Butler's February 22, 2018 grievance on June 8, 2018 and returned a decision to Mr. Butler on July 5, 2018. (Decl. of D. Knauer, Dkt. 45, Ex. C).

**RESPONSE: This paragraph is undisputed.**

20. Ms. Knauer's declaration did not refer to the IDOC or ARB Grievance Logs that were produced in the Pork Case, even though she purports to have reviewed all records of Mr. Butler's grievances related to prison conditions. (Decl. of D. Knauer, Dkt. 45, Ex. C)

**RESPONSE: Disputed. Ms. Knauer, as an Administrative Review Board Chairperson, responds to grievances filed by IDOC inmates that are filed or appealed to the ARB. Ms. Knauer's job duties do not require her to specifically refer IDOC or ARB Grievance Logs in her declaration.**

21. Ms. Knauer's search did not reveal any other grievances about prison conditions that Mr. Butler filed with the Grievance Officer or appealed to the ARB, including the grievances that he filed on July 8, 2017, and July 9, 2017, relating to the July 8, 2017 incident in the recreation yard. (Decl. of D. Knauer, Dkt. 45, Ex. C)

**RESPONSE: This paragraph is undisputed.**

22. The ARB Grievance Log and ARB documents, produced by the IDOC in the Pork Case, show that the ARB reviewed the February 22, 2018 grievance that Ms. Knauer identified in her declaration. (Ex. F at 1, 3 (ARB Grievance Log)).

**RESPONSE: This paragraph is undisputed.**

23. Although Ms. Knauer did not identify any other grievance Mr. Butler filed about prison conditions in her declaration, the documents show that Mr. Butler appealed, and the ARB reviewed, an additional grievance that Mr. Butler originally filed with the Grievance Officer on May 5, 2017, relating to prison conditions. In the May 5, 2017 grievance, Mr. Butler protested the temperature in Unit E. (Ex. F at 3 (ARB Grievance Log)).

**RESPONSE: This paragraph is undisputed.**

24. Below are excerpts from Mr. Butler's ARB Grievance Log. These excerpts show that Mr. Butler filed grievances on prison conditions on February 22, 2018, and May 5, 2017, and also show the dates on which the ARB actually reviewed each of these grievances. (Ex. F at 1, 3 (ARB Grievance Log)).

February 22, 2018 Grievance (identified by Ms. Knauer)

CONDITIONS 07/05/2018 PDN PDN DENN Q GRVF 060048 DTD 2/22/18 GRVS NO HOT WATER IN CELL. MOOT ISSUE INM MOVED

May 5, 2017 Grievance (not identified by Ms. Knauer)

6

CONDITIONS    09/01/2017   STA   STA   DKKN   G   GRV# 1628, 1274, DTD 5/5/17 GRVS HEAT ON IN UNIT E IN MAY

**RESPONSE:** This paragraph is undisputed.

      25.      According to the IDOC's documents, the ARB received Mr. Butler's appeal of his May 5, 2017 grievance relating to the temperature in Unit E on July 23, 2017. As ARB Chairperson, Ms. Knauer reviewed this appeal on September 1, 2017, and personally rendered an administrative decision on it. She dismissed the appeal, indicating that the temperature problem was a "moot issue as [the] Chief Engineer had indicated [that the] heat has been turned off." (Ex. G (May Grievance)).

**RESPONSE:** This paragraph is undisputed.

                                                           Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois            By:     /s/ *Shawn M. Peters*
                                                                SHAWN M. PETERS
                                                                Assistant Attorney General
                                                                General Law Bureau
                                                                Office of the Illinois Attorney General
                                                                100 W. Randolph St., 13th Fl.
                                                                Chicago, Illinois 60601
                                                                (312) 814-2680
                                                                SPeters@atg.state.il.us

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 6, 2019, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system.

/s/ *Shawn M. Peters*