IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENDRICK BUTLER, | ) | |
| | ) | No. 1:18-cv-00049 |
| Plaintiff, | ) | |
| | ) | Hon. Robert W. Gettleman |
| v. | ) | Judge Presiding |
| | ) | |
| RANDY PFISTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
PARTIAL MOTION FOR SUMMARY JUDGMENT ON THE
ISSUE OF ADMINISTRATIVE EXHAUSTION**

Defendants, Randy Pfister, Lt. Brown, Sgt. Pork, and Officer Garant, by and through their attorney Kwame Raoul, Attorney General for the State of Illinois, reply in support of their Partial Motion for Summary Judgment (ECF 44) based on Plaintiff's failure to exhaust his administrative remedies and state the following:

**ARGUMENT**

**The Evidence Shows Plaintiff Did Not Appeal Any Grievances Related to Yard Conditions to the Administrative Review Board as Required by the Administrative Process**

Plaintiff relies on his own testimony in the form of an affidavit and a facility grievance log to support the claim he filed grievances related to the conditions of the recreation yard at Stateville. (ECF 55 at 6–11.) Plaintiff alleges he filed two grievances related to the conditions of the recreational yard on July 8, 2017 and July 9, 2017. (ECF 55 at 3.) The evidence shows and the Plaintiff admits he did not submit the grievances to the ARB because "no Grievance Officer, ARB member, or other IDOC official ever rendered a decision on either grievance, nor did they return to [Plaintiff] his original grievances, provide him with documents explaining that [those] grievances were ever reviewed, or render an official decision." (*Id.*)

Plaintiff filed this lawsuit on January 3, 2018. (ECF 1.) Assuming Plaintiff's July 8, 2017 and July 9, 2017 grievances were related to the conditions of the yard and named Defendants, Plaintiff filed this lawsuit less than five months after writing his grievances. (ECF 1.) Plaintiff argues that despite his failure to wait for the grievance officer and CAO to render decisions on his grievances and appeal those decisions to the ARB, the Court should ignore Plaintiff's failure to follow the administrative process and allow this suit to continue. (ECF 55 at 13.)

As stated in Defendants' Memorandum in Support of their Partial Motion for Summary Judgment (ECF 46), the Seventh Circuit has taken a strict compliance approach to the exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Because exhaustion requires compliance with the prison's administrative procedures, the prisoner can exhaust his administrative remedies only through the completion of such procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). There is no "substantial compliance" exception to the PLRA's exhaustion requirement. Rather, exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly." *Chess v. Pindelski*, No. 07 C 5333, 2009 WL 174992, *3 (N.D. Ill. Jan. 23, 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *Pozo*, 286 F.3d at 1024). Proper use of the prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

It is undisputed Plaintiff did not wait for the grievance officer and CAO to render decisions on either his July 8, 2017 or July 9, 2017 grievances, nor did he appeal to the ARB, as required by the administrative process. (ECF 45 ¶ 14). Accordingly, Defendants' Partial Motion for Summary Judgment should be granted, because Plaintiff failed to strictly comply with the steps outlined in the administrative process.

2

                                          Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois                      /s/ *Shawn M. Peters*
                                                                Shawn M. Peters
                                                                 Assistant Attorney General
                                                                 General Law Bureau
                                                                 100 W. Randolph St., 13th Fl.
                                                                 Chicago, Illinois 60601
                                                                 (312) 814-4752
                                                                 SPeters@atg.state.il.us

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on ~~April 22~~<u>May 6</u>, 2019, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system.

/s/ <em>Shawn M. Peters</em>