IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENDRICK BUTLER,                               )
                                               )
                     Plaintiff,                )      Case No.   18 C 0049
                                               )
        v.                                     )
                                               )      Judge Robert W. Gettleman
WARDEN RANDY PFISTER, WARDEN OF                )
OPERATIONS (F/N/U) ACOSTA, LIEUTENANT          )
WILLIAM BROWN, SERGEANT TERRELL                )
PORK, OFFICER JOHN DOE 1, OFFICER JOHN         )
DOE 2, OFFICER MARCIN LES, OFFICER             )
ANTHONY GARANT,                                )
                                               )
                     Defendants.               )

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Kendrick Butler brought a two-count amended complaint against defendants

Warden Randy Pfister, Warden of Operations ("F/N/U") Acosta, Lieutenant William Brown,

Sergeant Terrell Pork, Officer John Doe 1, Officer John Doe 2, Officer Marcin Les, and Officer

Anthony Garant, all employees of the Illinois Department of Corrections (IDOC), alleging

multiple distinct violations of his Eighth Amendment rights, for which he seeks relief pursuant to

42 U.S.C. 1983.   Count I is a claim that defendants Warden Pfister, Warden Acosta, Officer Doe

1, Sergeant Pork, Lieutenant Brown, and Officer Doe 2 failed to intervene and were deliberately

indifferent to plaintiff's unconstitutional conditions of confinement. Count II claims defendants

Sergeant Pork, Officer Doe 2, Officer Les, and Officer Garant knowingly or at least recklessly

disregarded plaintiff's urgent medical needs and delayed his access to necessary medical care.

Plaintiff alleges defendants violated his rights by: (1) denying plaintiff adequate bathroom

access; (2) witnessing plaintiff suffer from the lack of bathroom access for a significant time and

failing to act; (3) failing to act upon acknowledging plaintiff's serious medical conditions and urgent need for medical attention; and (4) purposefully, knowingly, or at least recklessly denying or delaying plaintiff's access to necessary medical care. Defendants have moved for summary judgment against plaintiff for failure to exhaust administrative remedies under Local Rule 56.1. For the reasons described below, the motion for summary judgment is denied.

## BACKGROUND

Plaintiff is a prisoner in the custody of the IDOC. At the time of the violations alleged in his amended complaint, plaintiff was incarcerated at Stateville Correctional Center ("Stateville").

Plaintiff suffers from serious medical conditions, including irritable bowel syndrome ("IBS") and other digestion-related conditions. While at Stateville, plaintiff was treated for these conditions with medications that had substantial side effects, including diarrhea and stomach cramping, exacerbating his IBS and other medical conditions at various times during his confinement at Stateville.

There was no bathroom access from or in the prison's outdoor exercise yard, and inmates who were forced to urinate and defecate on the yard due to lack of bathroom access were routinely disciplined. According to plaintiff, on or about July 8, 2017, when he was in line to enter the exercise yard, he asked Officer Doe 1 if he could use the bathroom before his outdoor exercise time began because his IBS substantially increased the risk that he would have to defecate outdoors involuntarily, for which he would be disciplined. Officer Doe 1 responded that he would lose his access to the yard if he used a bathroom inside. Plaintiff did not want to forfeit his time in the exercise yard, and repeated his request to Sergeant Pork, then Lieutenant Brown, and received the same response from both.

During his yard time, plaintiff experienced an urgent need to defecate, and asked Officer Doe 2 to let him inside to use a bathroom. Officer Doe 2 replied that inmates had to stay in the exercise yard until yard time was over. Shortly thereafter, plaintiff involuntarily defecated on himself and soiled his uniform, which emitted a strong and unpleasant odor and attracted insects. Plaintiff was not allowed to go inside to clean himself and change clothes, forcing him to remain in his soiled clothes for several hours. Plaintiff was stung and bitten by bees, flies, and other insects attracted to his soiled uniform. At the end of yard time, plaintiff asked Sergeant Pork, Officer Les, and Officer Garant if he could use a bathroom, change uniforms, clean himself, and receive medical treatment for the bites and stings he suffered. The officers ignored his requests and verbally harassed and humiliated plaintiff as he walked back to his cell. Sergeant Pork, Officer Les, and Officer Garant did not allow plaintiff to shower that day or change his uniform for several days.

Following the events on or around July 8, plaintiff filed two grievances, entitled CONDITIONS and RECREATION, with Stateville's Grievance Officer to seek relief from these inhumane yard conditions. The IDOC Grievance Log shows both grievances were submitted on July 10, 2017. Defendants do not dispute that plaintiff received no response to either grievance.

## DISCUSSION

Defendants have moved for summary judgment, arguing that plaintiff has failed to exhaust administrative remedies. Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The movant bears the burden of establishing both elements, Becker v. Tenenbaum-Hill Associates, Inc., 914 F.2d 107, 110 (7th Cir. 1990), and all reasonable inferences are drawn in

the non-movant's favor.   Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).   If the movant satisfies this burden, then the non-movant must set forth specific facts showing that there is a genuine issue for trial.   Nitz v. Craig, 2013 WL 593851 at *2 (N.D. Ill. Feb. 12, 2013).   In doing so, the non-movant cannot simply show there is some metaphysical doubt as to the material facts.   Pignato v. Givaudan Flavors. Corp., 2013 WL 995157, at *2 (N.D. Ill. March 13, 2013) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).   "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find in favor of the [non-movant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before filing a lawsuit regarding prison conditions.   42 U.S.C. § 1997e.   The Seventh Circuit has taken a "strict compliance" approach to exhaustion.   Camplin v. Wexford Institutional, 2015 WL 9871635 at *2 (S.D. Ill. Dec. 21, 2015) (citing Dole v. Chandler, 438 F.3d 804, 808 (7th Cir. 2006)).   "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole, 438 F.3d at 809.

The IDOC has a three-step formal grievance procedure for inmates.   First, the inmate must attempt to resolve grievances through an informal conversation with his counselor.   Ill. Admin. Code tit. 20, § 504.810(a).   Second, if the issue remains unresolved, within sixty days of an incident an inmate may file a written grievance with the Grievance Officer using a form

available in all units of his institution.   Id.   The Grievance Officer conducts an investigation, if

necessary, and reports his or her findings in writing to the Chief Administrative Officer

("CAO").   Ill. Admin. Code tit. 20, § 504.830(d).   The CAO shall advise the inmate of the

decision in writing within 2 months after receipt of the written grievance, where reasonable

under the circumstances.   Id.   Third, if the inmate feels that the issue is not resolved to his

satisfaction following the CAO's decision, he or she may appeal in writing within 30 days of the

date of the decision.   Ill. Admin. Code tit. 20, § 504.850(a).   The Director will review the

grievance and responses of the Grievance Officer and CAO to determine whether the grievance

requires a hearing before the Administrative Review Board ("ARB").   Ill. Admin. Code tit. 20, §

504.850(b).   Inmates shall submit grievances directly to the ARB when grieving decisions

regarding: (1) protective custody placement; (2) the involuntary administration of psychotropic

medication; (3) disciplinary proceedings that were made at a facility other than the facility where

the inmate is currently assigned; (4) other issues except personal property issues pertaining to a

facility other than the facility where the inmate is currently assigned.   Ill. Admin. Code tit. 20, §

504.870.

The IDOC log shows that plaintiff filed two grievances, entitled CONDITIONS and

RECREATION, on July 10, 2017, but there is no record of an investigation by the Grievance

Officer nor a decision by the CAO.   If reasonably feasible, the CAO should report the results of

the grievance to the inmate in writing within two months under Ill. Admin. Code tit. 20, §

504.830.

In support of their motion for summary judgment, defendants argue that plaintiff failed to

exhaust administrative remedies available to him because he did not wait for decisions from the

CAO and then appeal those decisions to the ARB before filing this lawsuit on January 3, 2018.

Defendants argue that plaintiff waited less than five months before filing, but the time period

from July 10, 2017, when plaintiff submitted his grievances, to January 3, 2018, is just under six

months. Defendants have offered no evidence that responses to plaintiff's grievances within

two months were not reasonably feasible under the circumstances. Under Ill. Admin. Code tit.

20, § 504.830, plaintiff should have received responses by September 10, 2017. In addition,

plaintiff's grievances are not governed by the four exceptions to the three-step grievance process

in Ill. Admin. Code tit. 20, § 504.870.

Defendants also argue that plaintiff cannot prove his grievances were related to the

alleged July 8, 2017, incident because the grievances have not been produced by plaintiff.

Plaintiff, however, is unable to produce hand-written grievances that were not returned to him.

Defendants' failure to respond to plaintiff's grievances rendered further administrative

remedies unavailable to plaintiff. Dole, 438 F.3d at 809. There is no basis in Ill. Admin. Code

tit. 20, § 504 for defendants' assertion that plaintiff failed to exhaust because he did not appeal

the decision to the ARB. Plaintiff received no decision to appeal. In Brengettcy v. Horton, 423

F.3d 674 (7th Cir. 2005), for example, the court found that the plaintiff did all that was

reasonable to exhaust available administrative remedies when several grievances went

unanswered. The holding in Brengettcy compels denial of defendants' motion in the instant

case.

Defendants provide no evidence of an ongoing investigation of plaintiff's grievances, or

that any such investigation has taken place. Because plaintiff properly followed IDOC

grievance procedures, he cannot have failed to exhaust administrative remedies. Dole, 438 F.3d

at 811.   "[P]rison authorities may not employ their own mistake to shield them from possible liability, relying upon the likelihood that a prisoner will not know what to do" when no investigation is conducted, and no response is issued.   Id.

**CONCLUSION**

For the reasons stated above, defendants' motion for summary judgment (Doc. 44) is denied.

**ENTER:**      **June 6, 2019**

**Robert W. Gettleman**
**United States District Judge**